FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

02 JAN -7 PM 3:56



CARMELLO GARUFO

      Plaintiff,

vs.                                       Case No. 2:01-cv-542-FTM-29DNF

GULLWING APARTMENT
CONDOMINIUM, INC.

      Defendant.

_____

### ORDER

This matter comes before the Court on Defendant's Motion for More Definite Statement and Motion to Dismiss (Doc. #10), filed on November 27, 2001. Plaintiff's responsive Memorandum of Law (Doc. #12) was filed on December 10, 2001.

In deciding a motion to dismiss, the Court must accept as true all factual allegations in the Complaint. Hughes v. United States, 110 F.3d 765, 767 (11th Cir. 1997); Brown v. Crawford County, Ga., 960 F.2d 1002, 1010 (11th Cir. 1992). The Complaint must be viewed and all reasonable inferences must be made in favor of the plaintiff. Sawinski v. Bill Currie Ford, Inc., 866 F. Supp. 1383, 1385 (M.D. Fla. 1994)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). A Complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted); Marsh v. Butler County, Alabama, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc). Federal Rule of Civil Procedure 8 requires only that plaintiff set forth a short and plain statement of the claim that will give defendant fair notice of the claim and

the grounds upon which it rests. Conley v. Gibson, 355 U.S. at 47. However, dismissal is warranted under Fed. R. Civ. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, Ga., 960 F.2d at 1009-10.

Applying this standard, the Court concludes that the motions are be denied. The date of the alleged discriminatory act has now been provided in plaintiff's Memorandum of Law, and can be further pursued if necessary in discovery. The Complaint is not otherwise vague and ambiguous, and the Court cannot say at this stage of the proceedings that there is no set of facts which plaintiff can prove which would entitle plaintiff to relief.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for More Definite Statement and Motion to Dismiss (Doc. #10), filed on November 27, 2001, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___7th___ day of January, 2002.

```
                              _____
                              JOHN E. STEELE
                              UNITED STATES DISTRICT JUDGE
```

Copies:

Counsel of record
Diane Gosser, Courtroom Deputy



Date Printed: 01/08/2002

Notice sent to:

    ___  William M. Powell, Esq.
           Powell & Steinberg, P.A.
           3515 Del Prado Blvd., Suite 101
           Cape Coral, FL 33904

    ___  John R. Owens, Esq.
           Fowler, White, Gillen, Boggs, Villareal & Banker, P.A.
           601 Cleveland St., Suite 800
           P.O. Box 2917
           Clearwater, FL 34617-2917

    ___  James L. Yacavone III, Esq.
           Fowler, White, Gillen, Boggs, Villareal & Banker, P.A.
           601 Cleveland St., Suite 800
           P.O. Box 2917
           Clearwater, FL 34617-2917